# THE SUPREME COURT

OF THE

| 13 | 95 |
| 128 | 103 |
| 13 | 95 |
| 159 | 145 |
| 13 | 95 |
| 78a | 120 |

# STATE OF ILLINOIS,

## DECEMBER TERM, 1851, AT SPRINGFIELD.

James M. Howey et al., Appellants, v. Temperance Goings, Appellee.

### APPEAL FROM PIKE.

The jurisdiction of courts of equity in matters of partition is undoubted, and in many cases is indispensable.

A bill in chancery lies for partition, notwithstanding an adverse possession, unless it has been continued long enough to bar a recovery under the statute of limitations.

The husband cannot convey any greater interest in the real estate of his wife than he possesses. And where his right to such estate was during coverture, it is terminated by a divorce *a vinculo matrimonii* granted for his misconduct.

It is not always necessary to dispose of a cross-bill, filed for improvements upon the land sought to be partitioned, at the time the decree for partition is made.

Temperance Goings filed her bill in the Pike Circuit Court, in August, 1849, alleging, —

That on the 8th of February, A. D. 1844, one William Howey departed this life, intestate, unmarried, and without issue, and without parents living; that the complainant and one James M. Howey were the only brother and sister of the deceased William Howey; that said William Howey died seized in fee-simple of the real estate following: The north half of section

one, the north-east quarter of the north-east quarter of section two and the south-west quarter of the north-east quarter of section two, all in township seven south, range three west of the 4th parallel meridian; that as one of the two heirs of said William Howey, she is the owner in fee-simple, of the equal, undivided half of said lands; that James M. Howey, her brother, became entitled, on the death of said William Howey, of the other half of said lands; alleges, that John P. Stark and Hezekiah Applegate, are in possession of part of said lands, claiming some interest or title through James M. Howey; that at the time of the death of William Howey, she was the wife of one Jonas Goings; that afterwards, at the May term of the Adams Circuit Court, Illinois, for the year 1849, she obtained a divorce from said Goings, for the cause of adultery; that said Goings thereby lost his right to be tenant by the curtesy; bill makes James M. Howey, Jonas Goings, Hezekiah Applegate, and John P. Stark, defendants, and prays for partition of the lands aforesaid.

Summons having been served on all the defendants, default of the defendant Goings was entered at the March term of the court, A. D. 1850, and bill taken as confessed against him; leave given at the same time, for the other defendants to answer.

In November, 1849, the answers of the defendants, Howey, Stark, and Applegate, were severally filed.

Defendants set forth in their several answers, the facts following: That after the decease of William Howey, there was a partition of the lands described in the complainants' bill, between the defendant Jonas Goings and the defendant James M. Howey, (the defendant, Howey supposing that said Goings had the right to make such a partition); that the north half of section one aforesaid, was divided equally by an east and west line; that the south half thereof, together with the north-east quarter of the north-east quarter of section two aforesaid, was assigned to the said James M. Howey, and the north half of said north half of section one aforesaid, together with the south-west quarter of section two aforesaid, was assigned to the defendant Goings; that upon such partitions being made, said James M. Howey executed to said Goings, a deed in fee-simple, with covenants of warranty for the partition of said lands so assigned

to him, and that he took from said Goings a like conveyance for the part of said lands so assigned to said defendant, Howey; that said deeds were executed May 5th, 1845, and September 1st, 1845; that after the execution of said deeds the defendant, James M. Howey, made sundry valuable and lasting improvements, alleged to be of the value of $400, on that portion of said premises so conveyed to him; that on the 27th day of February, A. D. 1847, said James M. Howey conveyed by deed in fee-simple, the part of said lands so deeded to him by said Goings to Hezekiah Applegate, co-defendant in the suit; that said Applegate went into the possession of said land, under said deed, and has continued in such possession, making some additional improvements thereon; that on the 1st day of July, 1849, said Jonas Goings conveyed the north half of the north half of said section (one portion of the premises deeded by defendant Howey to him as aforesaid,) by deed in fee-simple to Hezekiah Applegate and John P. Stark; that Applegate subsequently quitclaimed to said Stark, (defendant herein,) and that under said deeds, said Stark took possession of said premises, making some valuable improvements; that on the 1st of July, 1849, said Jonas Goings conveyed by deed in fee-simple the south-west quarter of the north-east quarter of section two, to the defendant Howey, who has since been in possession thereof, under said deed.

Defendants deny the right of complainant to have partition of said premises. Admit that they may have been mistaken in supposing that Goings had the right to convey said land, but insist upon their possessory rights. The allegations as to the descent of said lands from William Howey to complainant and James M. Howey, are admitted by defendant Howey. The marriage of complainant with James Goings is also admitted; as to the divorce, defendants knew nothing.

Exceptions were filed and sustained to so much of the answers as set up a claim for improvements. Replication was then filed to the answers.

A cross-bill was filed by Howey, Stark, and Applegate, setting forth the improvements made by them, and claiming the value thereof, in the event of partition.

The answer of the complainant to the cross-bill, alleges, that the improvements (if any) were made without her consent, and adversely to her rights; alleges her divorce from Jonas Goings, and denies the right of complainants in said cross-bill, to any relief.

A reference of the cause to the master to report as to value of improvements, when made, &c., also of rents and waste, was made, and the master reported thereon.

At the March term, 1851, of said court, MINSHALL, Judge, presiding, the cause was heard upon bill, answers, replication, cross-bill, answer thereto, exhibits, and proof; and a decree of partition was rendered in favor of the complainant.

Upon the hearing of said cause, the defendants, Howey, Stark, and Applegate, admitted that William Howey died seized in fee-simple of the lands described in complainant's bill; that he died at the time alleged in said bill; that he died intestate, unmarried, and without issue; that he had no parents living; and, that the complainant and the defendant James M. Howey, were the only brother and sister of said William Howey; that at the time of the death of said William Howey, the complainant was the wife of the defendant Jonas Goings. The complainant then gave in evidence a record of a divorce suit between herself and said Jonas Goings, of the Adams Circuit Court, showing her divorce from said Jonas Goings, in June, 1849, for the cause of adultery.

The defendants read in evidence the several deeds of conveyance to them, as set out in the pleadings; and it was admitted that they had been in possession under said deeds, claiming the title they purported to convey, since their dates.

The defendants Stark and Howey prayed this appeal.

Errors assigned. The court erred in decreeing partition, and in not disposing of the cross-bill.

R. S. BLACKWELL, for appellants.

1. One disseized of his or her freehold cannot maintain a petition for partition.

The statute allows a partition only "where land is held in joint tenancy, tenancy in common, or coparcenary." Rev. St. 399, § 1; 31 Hen. 8, cap. 1; 3 Bacon, 699.

A disseisin is a destruction of the tenancy; and for this reason the petition would not lie.

" If one coparcener disseize another, during this disseisin a writ of partition doth not lie between them." 1 Thomas's Coke, 543; 5 Com. Dig. 237 (c. 6.)

The disseized tenant must regain his possession by ejectment. Thomas *v.* Gawan, 4 Dev. 223; 2 Sup. U. S. Dig. 497, § 15.

Or by forcible entry or detention. Mason *v.* French, 1 Scam. R. 495; Eads *v.* Rucker, 2 Dana, 111.

In New York, under a statute similar to our own, it is held, that if the petitioner has been actually disseized, he is not entitled to a partition. Clapp *v.* Bromagham, 9 Cowen's R. 567; 3 Paige's C. R. 242; 2 Barbour's Ch. Rep. 398.

So in Vermont. Hawley *v.* Soper, 18 Verm. R. 322, 323.

So in North Carolina. Thomas *v.* Gawan, 4 Dev. 223, cited 2 Sup. U. S. Dig. 497, § 14.

So in Massachusetts. 7 Mass. 475.

All privity is destroyed, and they no longer hold the estate together.

If one parcener disseize the other, till reëntry or recovery by the disseizee, the other does not hold in parcenary. 5 Com. Dig. tit. Parcener (C. 1.)

" If two joint tenants be disseized, and an assize is brought, and the one is summoned and severed and the other recover his moiety, and after another assize is brought and he that recovereth is summoned and severed and the other recover, ·albeit they severally recover, yet they are joint tenants again." Thomas's Coke, 589.

Was Mrs. Goings disseized at the time of filing her petition ?

The law presumes every person to be in the legal seizin and possession of land to which he has a complete and perfect title.

And where a legal seizin is once shown, it will be presumed to continue until a disseisin is established. Thomas *v.* Hatch, 3 Sumn. 182.

" Seizin " is a technical term to denote the completion of that feudal investiture by which the tenant is admitted into the tenure, and without which no freehold could be constituted or pass. 5 Cruise's Dig. 325.

In other words, possession of the feud was called seizin. 1 Cruise's Dig. 58, § 19.

Under our laws livery of seizin is abolished, and ownership of land gives a constructive seizin, where it is not in the adverse possession of another. Green *v.* Liter, 8 Cranch, 229.

Disseisin must, therefore, mean some way or other of turning the tenant out of his tenure, and assuming his place and feudal relation. 5 Cruise's Dig. 325.

A disseisin is when one enters intending to usurp the possession and oust another of his freehold. 1 Cruise's Dig. 60, 61, § 29; 5 Pet. R. 439; 4 Geo. 120; 8 N. H. 60.

To make an entry a disseisin there must be an ouster of the freehold, either — 1st, by taking the profits or esplees; or 2d, by claiming the inheritance. 1 Cruise's Dig. 61, § 29.

The possession of the disseizor must be adverse to the title of the true owner. Little *v.* Libby, 2 Greenl. R. 247.

To make it adverse, it must be under a claim of title. Of course it need not be under a rightful title, or even a *primâ facie* title.

A disseisin is an estate gained by wrong. The disseizor is a trespasser.

A disseisin is a continued trespass under claim of title. Towle *v.* Ayer, 8 N. H. 60.

Actual violence is not necessary in making the entry. But the disseizor must take possession under such circumstances as to repel the presumption of an entry, and holding by consent of the true owner and in subordination to his title.

The occupation with the intent to claim the fee is the test of a disseisin.

A claim of title sufficient to repel all presumption that the disseizor is in possession under the rightful owner is all that the law requires. Sumner *v.* Stevens, 6 Met. 337; Jackson *v.* Todd, 2 Caines's R. 183.

It need not be a written claim of title. Taylor *v.* Buckner, 2 A. K. Marsh. 19; McCall *v.* Nealy, 3 Watts's R. 72.

If the disseizor has a deed, he need not produce it. Jackson *v.* Wheat, 18 Johns. 40.

And, when produced, if it proves defective, this does affect the character of the possession. Angell on Lim. 435.

The acts and declarations of the possessor are admissible to prove the adverse character of his holding. Allen *v.* Johnson, 2 McMullen, 497; Noyes *v.* Dyer, 25 Maine R. 468.

A disclaimer by a tenant, which is brought home to the knowledge of the landlord and acquiesced in by him, will constitute a disseisin. Wilkins *v.* Walkins, 3 Pet. R. 53.

The possession of a defendant in execution whose land has been sold on execution, may become adverse by assuming a hostile attitude. Chalfin *v.* Malone, 9 B. Mon. 596.

An entry claiming title under a parol gift is a disseisin. Sumner *v.* Stevens, 6 Met. R. 337.

Proof that the possessor had marked out the boundaries of his land by clear and defined lines, so as to indicate the extent of his claim, is a disseisin. Allen *v.* Johnson, 2 McMullen, 497 to 499.

Where one tenant in common of land conveys the whole estate in fee, with covenants of warranty, and the grantee enters and holds exclusive possession thereof, such an entry and possession are a disseisin of his co-tenants. Kittredge *v.* Locks and Canals, &c. 17 Pick. 246.

So one purchasing the whole estate at a sheriff's sale, and entering and claiming title to the whole, disseizes his co-tenant, though the deed be void for want of a certain description. Jackson *v.* Bruilo, 5 Conn. R. 483.

A tenant in common may oust his co-tenant, and hold adversely to him. It will not be presumed from a sole possession, unless accompanied with some notorious act or claim, which is sufficient to give character to the possession. 5 Conn. 483; 4 U. S. Cond. R. 608; Parker *v.* Proprietors, &c. 3 Met. R. 100 to 102; Badshed *v.* Huntingdon, 5 Pet. R. 439, 440; Prescott *v.* Nevens, 4 Mason's R. 326; Cueler *v.* Molzen, 13 Serg. & Rawle, 356.

Where an act is done which is equivocal, and may be either a trespass or a disseisin, the law will not permit the wrongdoer to qualify his own wrong, but leaves its character to be determined by the party injured. He may elect to consider himself disseized for the sake of the remedy. Fisher *v.* Dewerson, 3 Met. R. 547; 1 Greenleaf's Cruise, 51, note.

9 *

" Every adverse possession is a, wrong amounting to an inchoate right." Simpson *v.* Downing, 23 Wend. 321.

The only difference.between a disseisin by a stranger and by a tenant in common, is this, that acts which, if done by a stranger, would *per se* be a disseisin, are, in the case of tenancies in common, susceptible of explanation consistently with the real title. 4 Mason, 330.

M. HAY, for appellants.

A party must be seized and in possession to entitle him to partition under the statute.

It is the partition of lands in the possession of the part-owners that the act intends, and not the recovery of the possession of premises which are held adversely to the petitioner; and the act, therefore, limits the partition it authorizes to estates, and interests actually held or possessed in co-tenancy. Clapp *v.* Bramaghan, 9 Cowen, 567; 3 Paige, 242; 2 Bohun's Chan. Rep. 398; Old Statutes of New York, tit. Partition.

At common law, if one coparcener disseize another, during the disseisin a writ of partition does not lie between them. The reason is, that they do not hold together and undivided. 5 Com. Dig. 237; 9 Cowen, 561.

Our statute is a copy from the old Revised Statutes of New York, under which the case of Clapp *v.* Brunagham.was decided. The interpretation of the courts should be authority here.

Whenever the proof is that one in possession holds for himself to the exclusion of all others, the possession so held must be adverse to all others; whatever relation in point of privity he may stand in to others. Bradstreet *v.* Huntingdon, 5 Pet. 439.

An entry into a tract of land under a deed describing the same by metes and bounds, gives the party a constructive possession of the whole tract, and is a disseisin of all persons claiming title to the same lands to the extent of the boundaries mentioned in the deed. 11 Mass. 222; 7 S. & R. 129; 3 Conn. 193; 3 Watts, 69; 10 Pick. 161.

And this whether the title by the deed was valid, or defective and void. 5 Pet. 319; 4 Bibb, 563.

The doctrine in regard to the ouster or disseisin of one co-tenant by another, is, that ouster or disseisin is not to be presumed from the mere fact of sole possession; but it may be proved by such possession accompanied by a claim of right.

That one tenant in common may disseize another, is clear. 5 Cond. R. 250; 9 Cowen, 560; Angell on Lim. 461 to 464; 4 Paige, 200; 4 Sanfd. 633; 4 Mason, 326; 5 Cowen, 484; 17 Pick. 246; 5 Pet. 438 to 441, 444; 13 S. & R. 356; 13 Johns. 406; 3 Met. 91; 6 Met. 371; 3 Conn. 403.

The same proof that puts the Statute of Limitations in operation creates an ouster. 17 Vt. 175; 21 Maine, 373.

The fact is admitted upon the record, that the defendants Howey, Stark, and Applegate went into the possession of the several portions of said land claimed severally by them under deeds purporting to convey the title in fee to the whole of said parcels, and have continued in the possession, claiming the title so purporting to have been conveyed. These facts, in view of the authorities cited, show an ouster or disseisin of the petitioner.

Adverse possession defined. Angell on Lim. 410 to 412, 435.

Disseisin at election explained. 8 N. H. 57; 1 Cruise, 51, note; 18 Vt. 323.

Where one enters upon land claiming the whole fee, the presumption is, that the grantee entered claiming in severalty and adversely to the whole world. Bogardus *v.* Trinity Church, 4 Sandford, 633.

Will not decree partition when title doubtful. 4 Johns. Ch. 271; 1 Johns. Ch. 111.

J. GRIMSHAW, for appellee.

At the time the real estate descended to appellee, Jonas Goings, her then husband, took a freehold estate in said lands; he was tenant by the curtesy initiate thereof.

Husband's interest in wife's land is defeasible. Rev. Code, 1845, p. 199, § 12.

The same provision exists as to wife's dower. Rev. Code, 1845, p. 200, § 13.

The effect of a divorce *a vinculo matrimonii* is an entire dissolution of marriage relation. It restores woman to her interest entire in all real estate which had not been legally conveyed by their joint act during coverture. Gould *v.* Webster, 1 Tyler's Vt. R. 409.

On divorce *a vinculo*, wife is restored to all rights which she lost by coverture. Starr *v.* Pease et al. 8 Conn. 541; Barber *v.* Barber, 10 Mass. 265.

Same principle recognized in Mattocks *v.* Stearns et ux. 9 Vt. 335. Stearns *v.* Stearns, 10 Vt. 540.

Choses in action not reduced into possession during coverture remain property of wife. Legg *v.* Legg, 8 Mass. 98.

The effect of divorce under our statute upon rights of wife is destructive of jointure, loss of dower, and all rights secured by marriage settlements. Clarke et al. *v.* Lott et al. 11 Ill. 105.

It must be evident that the statute intended to place man and woman on same footing; in case of dissolution of marriage, to deprive the guilty party of any benefit derived from marriage.

We are met by the objection, that, admitting right of appellee to undivided half of land, still she must resort to ejectment, and cannot maintain suit for partition.

We insist that appellants were proper parties to this suit, and that the rights of all these parties can be settled in this case. All persons interested, whether by title derived by purchase, devise, or descent, must be made parties. Rev. Code, 1845, p. 399, § 1.

Purchase is the possession of lands and tenements which a man hath by his own act or agreement, and not by descent from any of his ancestors or kindred. 2 Chitty's Black. 193.

Descent is title by representation, as heir at law. 2 Chitty's Black. 161.

Devise is an acquisition by purchase. 2 Chitty's Black. 161, n. 2, 194.

Howey and appellee claim by descent; the other parties are purchasers.

Writ of partition lies against tenant by curtesy. 2 Crabb's Real Property, 24 Law Lib. 78.

Any person having right of entry may maintain petition for

partition. Call *v.* Barker, 3 Fair. 320; Wells *v.* Prince, 9 Mass. 482.

*Pedis possessio* is not required; petitioner must have actual or constructive possession. Brownell *v.* Brownell, 19 Wend. 369.

The possession of appellants is not adverse to the title of appellee, but is derived from same source, and until divorce, was consistent with appellee's title.

That possession which was not adverse in its inception, cannot become adverse except by disclaimer of owner's title and some notorious act under new title. Kirk et al. *v.* Smith ex dem. Penn, 9 Wheat. 241, 281; Jackson *v.* Mancius, 2 Wend. 357.

Possession of tenant for life is not adverse, but is consistent with title of reversioner in fee. Banks's Adm. *v.* Marksberry, 3 Litt. 282; Kirk *v.* Nichols's Heirs, 2 J. J. Marsh. 469.

Possession of husband of wife's land, claiming it as his own, and improving it, held not adverse to the true owners or heirs of wife. Jackson ex dem. Corsin *v.* Cairn & Coles, 20 Johns. 300.

So possession of husband's vendee of wife's land. Jackson ex dem. Harerly *v.* French, 3 Wend. 337.

Acceptance of deed by his parents, by Henry Sensabaugh, father of plaintiff's lessors, rebuts presumption of adverse possession. His mother not having acknowledged the deed, he took his father's life estate. Jackson *v.* Sears, 10 Johns. 435; Jackson ex dem. Stevens *v.* Stevens, 16 Johns. 116.

All these cases turn on the principle that one who went in under a particular title, cannot set up a title adverse to that title, although owner of land may elect to consider himself disseized for purpose of bringing suit. Fisher *v.* Dewerson, 3 Met. 544.

At common law, husband, by common-law conveyance of wife's estate, worked a discontinuance, (3 Hen. 8, cap. 28, § 6,) provided that rights of wife, or her heirs, should not be affected by acts of husband. Clancy's Rights of Married Women, 162; Adams on Eject. (Tillinghast,) 37; 2 Bac. Ab. Discontinuance, 319, 323. This statute of Hen. 8 operates in this State, so far as our statute has not covered the same ground.

No act of husband, without assent of wife, evinced by acknowledgment by wife, shall pass her estate. Rev. C. 1845, tit. Dower, § 14, p. 200.

The husband's deed of bargain and sale worked no discontinuance; it affected no rights except his own, and has no disseisin of wife, except at her election. Varick *v.* Jackson, 2 Wend. 201.

There can be no disseisin, in fact, except by actual ouster or expulsion of true owner, or some act tantamount; such as common law conveyance with livery, &c. Varick *v.* Jackson, 2 Wend. 203. There was, in this case, no disseisin, in fact. The appellee has not elected to consider herself disseized. 2 Bac. Ab. Disseisin, 329, 332.

Appellee might have elected to treat possession of appellants, as an ouster or disseisin for purpose of bringing ejectment; but that was her option. Not having so elected, and having right of entry, she could maintain her proceeding by petition for partition.

The possession of appellants was not adverse in its inception, it was under, and consistent with, appellee's title; it has terminated by operation of law.

Appellee having then right of entry, could maintain this proceeding.

There is certainly no legal obligation on appellee to pay for improvements; this obligation could only arise from express or implied contract so to do.

Feme covert can make no contract. 2 Comyns, Dig. Baron & Feme, 223.

Married woman can charge her real estate only in form prescribed by law. Dunlap *v.* Mitchell, 10 Ohio, 121; Frank *v.* Frank, 14 Eng. Ch. R. 179, from 3 M. & C. 178.

Feme covert is utterly incapable of making any contract to change either her real or personal property. Martin *v.* Duelly et al. 6 Wend. 9; 2 Kent, Comm. 149. If she could make no express contract with co-tenants, respecting improvements, the law will not imply any on her part.

Lowvalle *v.* Menard, 1 Gilm. 39, was decided on the ground that the fund in court was increased by buildings. Here has been no sale, and certainly no contract to create a lien on the land. No claim for pay for improvements, only for necessary reparations, after demand and refusal. 4 Kent, Comm. 370.

TRUMBULL, J. This was a proceeding in chancery, for a partition of certain real estate, of which the complainant claimed an undivided half. The record clearly shows that she was entitled to the interest claimed; but her claim for partition is resisted, upon the ground that the lands sought to be divided, were, at the time of filing the bill, and for some time previous had been, in the adverse possession of the defendants.

They also filed a cross-bill, claiming the right, in case of a division, to reserve certain improvements put upon portions of the lands, or pay for the same in case of a sale.

The Circuit Court decreed that complainant have partition of the lands mentioned in her bill, and that one half of the same be set off to her, and appointed commissioners to make the division.

The defendants object to this decree, upon the ground that the complainant was disseized of the premises at the time of filing her bill, and for the further reason, that the matters alleged in the cross-bill are not disposed of by decree.

The case has been argued, as if it were a proceeding under the statute upon the common law side of the court, when, in fact, it is strictly a chancery proceeding, in all its features. The jurisdiction of courts of equity, in matters of partition, is undoubted. Indeed, in a great variety of cases, especially where the property is of a complicated nature, as to rights, easements, modes of enjoyment, and interfering claims, the interposition of a court of equity seems indispensable for the purposes of justice. The remedy, in equity, is often more complete than at law; as where one tenant in common has been in the exclusive reception of the rents and profits, on a bill for partition and account, the latter also will be decreed. " So when one tenant in common, supposing himself to be legally entitled to the whole premises, has erected valuable buildings thereon, he will be entitled to an equitable partition of the premises, so as to give him the benefit of his improvements; or, if that cannot be done, he will be entitled to a compensation for the improvements." 1 Story, Eq. Juris. § 655, 656.

It was said, in the case of Parker *v.* Gerard, Amb. 236, " That

such a bill is matter of right, and there is no instance of not succeeding in it, but where there is not proof of title in plaintiff." See also Cooper, Eq. Pl. 135 ; 2 Dan. Ch. Pr. 770 ; 1 Story, Eq. Juris. § 646 to § 658.

It is unnecessary, in our view of the case, to inquire whether the possession of the defendants was adverse, or not ; or, if adverse, whether a petition for partition under the statute would lie. The common-law mode of proceeding for partition, has been greatly extended by our statute, which is more comprehensive than that of any other State to which reference has been made, and it may well be questioned, whether adverse possession, without regard to length of time, would bar a proceeding under it. There can be no doubt, however, that a bill in chancery lies for partition, notwithstanding an adverse possession, unless it has been continued sufficiently long to bar a recovery under the statute of limitations, which is not pretended in this case. Overton *v.* Woolfolk, 6 Dana, 374.

Where the title is denied, and is of a doubtful character, courts of equity have sometimes required the party seeking a partition, to establish his right at law, before proceeding with the partition suit ; but when, as in this case, the title is clear, equity will at once decree a partition between the parties. Cartwright *v.* Pultney, 2 Atk. 380 ; Agar *v.* Fairfax, 17 Ves. 543 ; Allen *v.* Barkley, 1 Speer, Eq. Rep. 264 ; Oldhams *v.* Jones, 5 B. Monroe, 458.

The husband of the complainant could convey no greater interest in the real estate of his wife than he himself had. His right in the land of his wife, being an estate during coverture, is terminated by a divorce *a vinculo matrimonii,* granted for his misconduct. Rev. Stat. ch. 34, § 12; Clarke *v.* Lott, 11 Ill. 105 ; Starr *v.* Pease, 8 Conn. 541.

We perceive no error in the omission to dispose of the cross-bill at the same time the decree for partition was made. We will not now undertake to determine whether the defendants are entitled to pay for improvements, or not. The Circuit Court might, with propriety, if warranted by the facts before it, have directed, at the time of the appointment of commissioners, that

in making partition, they should, if practicable, set off to defendants those portions of the premises, including their improvements ; but it was not absolutely necessary that such an order should have been made at that time.    It may be that the premises will have to be sold, in consequence of not being susceptible of division ; and, in that event, it may be that the defendants should be allowed the actual increase of the price received at the sale, in consequence of the improvements by them made. Louvalle *v.* Menard, 1 Gilm. 45.

These questions can, however, all be disposed of in the future proceedings to take place in the case ; and it will be time enough for this court to act upon them, after the Circuit Court shall first have done so.

That the complainant is entitled to partition of the premises, there is no doubt.

The decree of the Circuit Court is affirmed, at the costs of the appellants, and the cause remanded for further proceedings.

*Decree affirmed.*