## SMITH *v.* BUTLER.

EQUITY; PARTITION; BILL OF REVIEW.

1. While questions of title will not be tried in a suit for partition, the mere claim by a defendant in his answer of a title adverse to the complainant, without proof, will not of itself, oust the court of jurisdiction. It is not for the parties, but for the court to determine the question of its jurisdiction.

2. Where it is claimed in a bill of review that a decree for the sale of real estate in a partition suit is void for the reason that the defendant in the original suit set up a claim to the property adverse to the complainant in the original bill, the court can not, under the bill of review, set aside the decree as against the original complainant and let it stand as to a purchaser of the property at a sale under the decree, and direct that the

fund realized from the sale be held as a trust fund for the complainant in the bill of review. Under the bill of review, in such a case, the question is whether the decree is void for want of jurisdiction and not whether it was erroneous.

No. 915. Submitted October 10, 1899. Decided November 8, 1899.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, dismissing a bill of review. *Affirmed.* .

The COURT in its opinion stated the case as follows:

This appeal is from a decree of the Supreme Court of the District of Columbia dismissing a bill of review.

The facts, as they appear from the bill itself, which was heard on demurrers to it by the several appellees, are these: On December 19, 1896, one Charles C. Smith died seized of certain pieces of real estate in the District of Columbia, which comprised two lots in Square 276, in the city of Washington, being the property involved in the present controversy, and several lots in the village of Garfield not involved in the proceedings. There were some small improvements on two of the lots in Garfield; and apparently some small improvements also on the lots in Square 276. The deceased left four children surviving him, who were his heirs at law, two of them married women, the appellees Mary Butler and Georgiana Austin; and two of them minors, the appellees Charles Edward Smith and James Douglass Smith; and he also left a widow, the appellant Mary Louise Smith.

Believing or assuming that their father had died intestate, the appellees, Mary Butler and Georgiana Austin, joining with them their respective husbands, instituted a suit in equity in the Supreme Court of the District of Columbia, on February 12, 1897, for the purpose of having a partition of the estate. In this suit, to which the widow and the minor children were made defendants, it was alleged by the complainants that their father had died intestate, that the

property was incapable of specific partition, and that it would be to the interest of all the parties to have it sold for the purpose of partition ; and accordingly a sale was prayed as well as general relief.

The widow, Mary Louise Smith, the appellant in the present suit, appeared and answered the bill. In this answer she denied that her husband had died intestate, and set up a will claimed by her to have been made by him, whereby he purported to devise to her for her life the property in Square 276, which it seems had been their home and whereon there was some kind of a structure, with remainder over equally to his four children. And she averred that she had elected to take this property under the will in place of dower; that she did not wish it to be sold; that the complainants were not entitled to have partition of it, and that, in view of her election, she had no interest in the other property. The will set up purported to have been executed by Charles C. Smith on November 20, 1895, with his mark. There was a witness to the mark, but this witness does not sign the attestation clause, or purport to have been a witness to the will. There were two witnesses, and only two witnesses, to the attestation clause, who purport to have received the testator's acknowledgment of the will. Only by counting the witness to the mark as a witness also to the will could the necessary number of three witnesses required for a valid will of real estate be made out.

It does not appear from the record before us whether the minor defendants appeared and answered in the usual way by guardian *ad litem* ; but we may assume that all the proceedings in that regard were regularly had, as no objection has been taken to them.

There was replication filed by the complainants, and testimony taken by them in support of their bill; but the defendant, Mary Louise Smith, the appellant here, took no testimony and took no further part in the proceedings. At the hearing on December 1, 1897, a decree was rendered for

the sale of the property in accordance with the prayer of the bill of complaint, and trustees were appointed to sell. The trustees in due time sold the property in Square 276 to the appellee, James H. Winslow; and, although the appellant here appeared in court and opposed the ratification of the sale and prayed that it should be vacated, on the same grounds substantially as those set up in her answer, the sale was ratified and confirmed. Subsequently, the appellant Winslow, the purchaser at the sale, was put in possession of the property by means of a writ of assistance, and the appellant was ejected therefrom. The other property seems to have remained unsold. And it is understood, also, that, except some amounts expended for taxes, incumbrances and costs, the purchase money yet remains intact in the hands of the trustees and undisturbed.

Subsequently, the decree of sale and the decree of ratification of sale having both become absolutely final by the lapse of the several terms at which they were rendered, and by failure to prosecute any appeal from them, the appellant, on October 4, 1898, filed her bill of review as complainant against all the other parties and Winslow, the purchaser, on the ground, as alleged, that the decree of sale was void on its face. To this bill of review there were demurrers interposed by Winslow and the other adult defendants, and the usual answer was filed for the infant defendants. The court below sustained the demurrers, and dismissed the bill; and from the decree of dismissal the present appeal has been prosecuted.

*Mr. Alex. Wolf, Mr. M. D. Rosenberg* and *Mr. Henry H. Glassie* for the appellant:

1. Appellant's answer was a clear and solemn denial of the appellee's legal title. Unless the appellees had the present estate they claimed, they could demand no partition; and their right would be postponed until their remainder should become, at the death of the appellant, an

estate in possession. Freeman Co-ten. and Part., Sec. 446. There can be no partition between the life tenant and his own remainderman. *Moore* v. *Shannon,* 6 Mackey, 167; *Stansbury* v. *Englehart,* 20 D. C. 157.

2. When the legal title of the complainant is denied, a court of equity will not decree partition, but will either dismiss the bill or retain the cause simply in order that the question of title may be determined by a suit at law. *Mudd* v. *Grinder,* 1 App. D. C. 418, 419; *Howard* v. *Howard,* 21 D. C. 226. So essential is the actual existence of an estate in common in the parties to the suit, that even where the allegations of title made by one party are admitted by the other, the court will not decree partition when the record fails to show a good title. *Walker* v. *Lyon,* 6 App. D. C. 484.

3. A court of equity has no power, in a suit for partition, to try a disputed legal title. *Contee* v. *Godfrey,* 1 Cr. C. C. 478–480; *McClure* v. *McClure,* 14 Pa. St. 136–137; *Chapin* v. *Sears,* 18 Fed. Rep. 814; *De Witt* v. *Ackeman,* 17 N. J. Eq. 215; *Manners* v. *Manners,* 13 N. J. Eq. 384; *Wilkins* v. *Wilkins,* 1 Johns. Ch. 111; *Coxe* v. *Smith,* 4 Johns. Ch. 271; *Traynor* v. *Brooks,* 4 Hayw. (Tenn.) 295; *Howard* v. *Howard,* 21 D. C. 226; *Nicely* v. *Boyles,* 4 Humph. (Tenn.) 177; *Deer* v. *McClintock,* 23 Wis. 206. Whenever, as in this case, a court of equity does affect to try that issue and adjudicate a legal title, the whole proceeding is simply *coram non judice* and void and the decree a mere nullity. *Whitlock* v. *Hale,* 10 Humph. 64.

4. So much of the decree as ordered a partition sale of the premises on R street was void for want of jurisdiction. *Richman* v. *Baldwin,* 21 N. J. L. 298; *Whitlock* v. *Hale,* 10 Humph. 64, 65. The decree being void for want of jurisdiction, the purchaser under it acquires no interest.

5. Whether the purchaser acquired title or not, a decree directing a sale and distribution of the proceeds to the appellees is erroneous because having no present interest in the land they had no present interest in the proceeds, and

the same should have been held in trust for the appellant, or invested for her use during her natural life. *Holland* v. *Cruft,* 3 Gray, 162; *Simmonds* v. *Simmonds,* 112 Mass. 157; *Chapin* v. *Petitioner,* 140 Mass. 591.

*Mr. A. A. Birney* and *Mr. Henry F. Woodard* for the appellees:

1. Jurisdiction was not ousted by the mere assertion of an opposing title, and denial of the right to partition. The practice in such cases is for the court to hear proofs, and determine upon them if the asserted title is sufficiently substantial in fact to require a trial at law before partition be allowed. This has frequently been done in partition suits where a defendant has denied complainant's title and averred title in himself by adverse possession. *Weston* v. *Stoddard,* 137 N. Y. 119; *Barnard* v. *Pope,* 14 Mass. 434; *Lloyd* v. *Gordon,* 2 H. & McH. 260; *Giffard* v. *Williams,* Law Rep. 8 Eq. 494; *Howey et al.* v. *Goings,* 13 Ill. 95; *Martin* v. *Walker,* 58 Cal. 590; *Overton* v. *Woolfolk,* 6 Dana (Ky.), 374; *Marshall* v. *Crehore,* 13 Metc. 463; *Tabler* v. *Wiseman,* 2 Ohio St. 208; Freeman on Partition, Sec. 450.

The court therefore took the proper course. The case was referred for proofs; the complainants made their proofs, which were sufficient to establish their right to partition the appellant took no proofs, and did not attempt to estab-; lish title or possession in herself. The court made the only decree proper under the testimony. There is no error in the record.

2. The prayer of the bill is that the deeds made by the trustees under order of the court be declared void, the sale to Winslow vacated, and the appellant be put in possession. But Winslow is a purchaser at a judicial sale, under a decree in full force, unappealed from. Unless, therefore, the decree was absolutely void for want of jurisdiction over the subject matter, he may not be disturbed, and the bill of review will not be entertained if to do so will affect his title. 3 Encyc·

Pl. & Pr. 597; *Duncanson* v. *Manson*, 3 App. D. C. 260; S. C., 166 U. S. 533; *Voorhees* v. *Bank*, 10 Pet. 449; *Gray* v. *Brignardello*, 1 Wall. 627; *Dingledine* v. *Hershman*, 53 Ill. 280; *Bennett* v. *Hamill*, 2 Sch. & Lef. 565.

The decree certainly was not void, for the court undoubtedly had jurisdiction of the general subject matter of partition of lands, and power in actions for partition to decree sales. This was enough. Freeman on Judgments, Sec. 116; *Ex parte Eckart*, 166 U. S. 481.

3. Under a bill of review no errors may be noticed other than those by it pointed out. *Livingston* v. *Noe*, 1 Lea (Tenn.), 63 and cases cited; 1 Vesey, 598; 1 De Gex, F. & J. 470.

Mr. Justice MORRIS delivered the opinion of the Court:

The grounds advanced in the bill of review as evidencing the invalidity of the decrees complained of in this case are these: (1) That the complainants in the proceedings for partition had no present estate in the property which could be the subject of partition; (2) That, under the will of her husband, the appellant was the life tenant in possession of the whole of the said property for life in her own right, and the complainant had simply a remainder; (3) That there was no estate in common, joint tenancy or coparcenary existing between the complainants and the appellant which could be the subject of partition, and that, therefore, as it is claimed, the court was without jurisdiction to decree a partition; (4) That the appellant having, in the first instance, set up an exclusive right and title in herself, the court of equity was without authority to try that title, and was thereupon ousted of its jurisdiction, and had no right to proceed thereafter. Three of these propositions, as is apparent, present the question of the validity of the will of Charles C. Smith as an effective instrument to convey real estate; for the exclusive right and title depended upon by the appellant are only given, if at all, by that will. If

that will was ineffectual to dispose of realty, then the alle-
gation of the original bill of complaint that Smith had died
intestate, is true so far as concerns his real estate. And
the fourth proposition raises the question of the power of a
court of equity to proceed in a suit for partition, when the
answer denies the existence of the community of title which
is set up in the bill of complaint as the basis of the suit,
and on the contrary claims exclusive right and title in the
defendant, or in one or more of several defendants.

It is also urged in the appeal before us that, even if the
sale should not be vacated as to the purchaser Winslow,
the fund realized from it should be held by the trustees as
a trust fund for the exclusive benefit of the appellant for
the term of her life, inasmuch as she was entitled to a life
estate in the property.

It is not apparent how the question of the validity of the
will of Charles C. Smith, as a conveyance of real estate, can
be passed upon under this bill of review; nor is it apparent
how it can be determined under it that the appellant was
the sole owner of the property for life, or that the com-
plainants in the original bill had no present right or title
which would entitle them to partition. All these questions
may have been passed upon in the original suit; and we
must assume that they were, since they were all distinctly
put in issue, and no doubt were the subject of testimony in
that cause. No part of that testimony appears here, and
could not well have been introduced under a mere bill of
review. The right of the complainants in that suit to par-
tition depended in great measure upon the adjudication of
these questions; and if they were not adjudicated correctly,
which we can not assume, that would have been only error,
to be remedied, if at all, by appeal.

The question in the case—and it is the question to which
counsel have very properly addressed their arguments—is
that of the jurisdiction of the court of equity to proceed in
the suit for partition after the averment in the answer of

the present appellant that she claimed the whole life interest for herself exclusively, and that the complainants had no present estate in the property entitling them to partition. For if the jurisdiction was thereupon ousted, it would seem necessarily to follow that all the subsequent proceedings were null and void. But if, on the other hand, the jurisdiction was not thereby ousted and the court of equity had the right to examine into the issues raised and to determine their validity or sufficiency, then, of course, the subsequent proceedings would, at most, be only erroneous, and not void. As no appeal was taken in the case, we are justified in assuming that the court of equity examined all the issues raised, and upon the testimony correctly decided against the claims of the present appellant. And it only remains for us to ascertain whether, in our opinion, it had the jurisdiction so to do.

That the mere suggestion or claim of adverse title in an answer is of itself sufficient to oust the jurisdiction of a court of equity in a partition suit, even though the claim be spurious and the suggestion be without foundation in fact or in truth, is a proposition that we must regard as wholly inadmissible. It is not consonant with reason, and it is not supported by any authority.

The general rule, it is very true, is well settled that questions of title will not be tried in a suit for partition, and that, where land appears to be held adversely to a complainant, who seeks partition of it, he must establish his title by proceedings at common law before equity will proceed to entertain his suit for partition. And in courts of equity when a controversy over a title is developed in a suit for partition, it is the usual course either to dismiss the bill without prejudice to the right of the complainant to renew it after he has established his title at law, or, more frequently, perhaps, to hold the cause for a reasonable time until action at law can have been had, after which the court of equity will proceed with the cause. But the very statement of

the rule shows that there must be a question of title to be tried before the court of equity will suspend its action; and the mere averment of a defendant in his answer adverse to the complainant's right does not make a question of title although it may lay the foundation for it.   Proof is required to show that the claim of title is fair and reasonable, and not a mere sham intended to delay and embarrass the complainant, and while the court of equity may not decide a *bona fide* claim of title, when it has been raised, it is entitled to satisfy itself that the claim is made *bona fide* and is such as would, if supported by sufficient evidence, be a good and valid claim.   If a defendant, sued in a partition suit, sets up a claim of exclusive right in himself by adverse possession, and he shows that such adverse possession has continued only for eighteen years, when the statute requires an adverse possession of twenty years to give title; or if a defendant avers exclusive right in himself by virtue of an instrument of writing which on its face utterly fails to show any such right, as, for example, in the case of a will attested only by two witnesses when the law peremptorily requires attestation by at least three witnesses in order to make such will valid as to real estate; assuredly such allegation of adverse right can not avail the party making it, since almost in the same breath he alleges the right and shows that it has no existence in fact and no just foundation in law.

It is not for the parties to a suit, but for the court to determine the question of the jurisdiction of the latter.   It is proper and often necessary for parties to raise the question of jurisdiction if they would avail themselves of any right to accrue to themselves therefrom; but to raise the question is not to determine it.   Otherwise, every demurrer interposed on the ground that a complainant has failed to state a cause for equitable cognizance in his bill of complaint would be sufficient to oust the jurisdiction.   Moreover, the practice which we believe has now become the prevailing practice in courts of equity, not to dismiss a bill of complaint

when a *bona fide* question of title has been made, but to hold the cause for a reasonable time to allow opportunity for the determination of the question in a court of common law and thereafter to proceed with the suit for partition as the circumstances may warrant, is wholly inconsistent with the theory that the jurisdiction is ousted by an allegation of adverse title in a defendant. The utmost that can reasonably be said in that regard is that the exercise of the jurisdiction is suspended, not that the jurisdiction is absolutely ousted, when a legitimate question of title is made to appear.

If authority be needed in support of propositions of law so elementary and fundamental, authority is not wanting. See *Willard* v. *Willard,* 145 U. S. 116; *McCall* v. *Carpenter,* 18 How. 297; *Parker* v. *Kane,* 22 How. 1, 17; *Weston* v. *Stoddard,* 137 N. Y. 119; *Marshal* v. *Crehore,* 13 Met. 464; *Nash* v. *Simpson,* 78 Me. 142; *Barnard* v. *Pope,* 14 Mass. 434; *Lloyd* v. *Gordon,* 2 H. & McH. 254, 260; *Tabler* v. *Wiseman,* 2 Ohio St. 208; *Overton* v. *Woolfolk,* 6 Dana (Ky.) 374; *Howey* v. *Goings,* 13 Ill. 95, 108; *Martin* v. *Walker,* 58 Cal. 590.

Some of these cases, it is true, were decided under special statutes or special provisions of codes; but in each and all of them it was held or assumed as unquestionable law that a court of equity, wherein partition was sought, had, under the general principles of equity, the right to examine at least *prima facie* into the sufficiency of exclusive titles set up in bar of partition, and either to adjudicate them finally for itself or to remit them to a court of common law for adjudication. As pointed out in the case of *Weston* v. *Stoddard,* 137 N. Y. 119, already cited, the general trend of judicial authority, independent of statutes, has been in the direction of the abrogation of the rule which required issues of title raised in suits in equity for partition to be remitted to a court of common law for trial, and of the substitution in the place of it of the right of the court of equity to hear and determine all the issues raised in the cause. At all events, we must regard it as beyond reasonable question

that it is for the court itself, and not for the parties, to determine whether there is a question of title raised which would constitute a bar to its further proceeding. Having general jurisdiction of the subject matter as stated in the bill of complaint, it can not lose that jurisdiction by reason of objection to its exercise made by the defendant. The sufficiency of such objection, even if the objection calls in question the jurisdiction of the court, it is for the court itself to decide in the first instance, with the right to the defendant to have the decision reviewed on appeal. The case would be very different where the court was without jurisdiction from the beginning.

We conclude, therefore, that the court was not without jurisdiction to render the decree which it rendered in this cause, whether the decree was in itself correct or erroneous; and that the bill of review, based upon the assumption of such want of jurisdiction, was rightly dismissed.

We do not mean, however, that anything that we have said here should be taken as precluding the appellant from establishing her rights, whatever they are, as against the fund in the hands of the trustees and under the control of the court. It is urged upon us by counsel for the appellant that "the decree of sale, being erroneous (as it is alleged), should be set aside, if not as to the purchaser, at all events as to the remaining appellees, and that the fund should be held as a trust fund for the appellant during her natural life." But it is very clear that nothing of this kind can be done under a bill of review. The question is not whether the decree for sale was erroneous, but whether it was within the jurisdiction of the court to render it; and this question we have decided in the affirmative. If the decree was merely erroneous, and not void for want of jurisdiction, it could and would have been corrected on appeal. But no appeal was taken.

The alternative remedy against the fund which the appellant seeks she can have in the original suit, to the extent to

which she may be entitled, as long as the fund remains undisposed of and under the control of the court. It would seem that she is at least entitled to her dower interest. But the extent of that interest and the mode in which it should be secured to her, it is not for us here to prejudge. That question is still open to her in the court below in the original suit. At all events it is not before us, and it is not competent for us to pass upon it at this time.

The decree of the Supreme Court of the District of Columbia dismissing the bill of review must be *affirmed, with costs. And it is so ordered.*