(No. 26569.—

ANN S. THOMAS, Appellee, *vs.* VIRGINIA REED FARR *et al.*
—(VIRGINIA REED FARR, Appellant.)

*Opinion filed May 13, 1942—Rehearing denied June 11, 1942.*

SHAW, J., dissenting.

FRANTZ & JOHNSTON, (CHARLES RALPH JOHNSTON, and HARRY KALVEN, JR., of counsel,) for appellant.

JOSEPH F. ELWARD, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Lancaster Reed, John W. Reed, and Virginia Reed Farr were seized of certain real estate in Cook county, Illinois,

as tenants in common and each had an undivided one-third interest. By warranty deed dated January 12, 1923, Lancaster Reed conveyed his undivided one-third to Fred J. Stebbins, Orson B. Stebbins, and Wallace J. Stebbins. On the same date Virginia Reed Farr and John Warner Reed, leased to Fred J. Stebbins, Orson B. Stebbins, and Wallace J. Stebbins, their undivided two-thirds for a term of 99 years at an annual rental of $6000 payable $500 monthly. On February 27, 1923, John Warner Reed conveyed his undivided one-third interest to Fred J. Stebbins, Orson B. Stebbins, and Wallace J. Stebbins and thereafter rent was paid to Virginia Reed Farr, appellant, by lessees at the rate of $250 per month until March 6, 1941. The Stebbinses, by deed of trust dated August 6, 1936, conveyed their undivided two-thirds interest to Chicago Title and Trust Company, as trustee. On January 6, 1941, Chicago Title and Trust Company conveyed an undivided one-third interest to Ann S. Thomas, appellee.

A partition suit was filed by her on January 15, 1941, praying for partition and division by and between plaintiff and defendants according to their respective interests, or, if the same could not be done without prejudice, then for sale free and clear of the lease. The answer of Mrs. Farr admitted that she had an undivided interest in the said property, encumbered by the aforesaid lease, and denied that appellee was entitled to the relief prayed for or any other relief. The case was referred to a master who recommended a decree for partition and a decree was rendered and commissioners appointed. They reported that the property was not divisible and appraised it at $60,000. The property was sold to Dorothy T. Enzenbacher for $40,000 and an order was entered confirming the sale and referring the cause to the master for distribution. Virginia Farr then appealed to this court from the decree of partition, decree of sale and the order confirming the master's report.

Appellant was the owner of an undivided one-third in fee subject to the lease of the Stebbinses. Two thirds of the property is not leased. One third was never leased and the other one-third was leased to the Stebbinses, but as they afterward acquired the reversion in it, there was a merger of their leasehold interest with the reversion and the lease was terminated as to that one-third. (*Hill* v. *Reno,* 112 Ill. 154.) Of the undivided two-thirds interest formerly held by the Stebbinses, the Chicago Title and Trust Company now holds title to an undivided one-third in trust and Ann S. Thomas, appellee, owns an undivided one-third.

Partition has long been one of the rights that one tenant in common can exercise against his co-tenants. (*Howey* v. *Goings,* 13 Ill. 95; *Hill* v. *Reno, supra; Martin* v. *Martin,* 170 Ill. 639; *Blakeslee* v. *Blakeslee,* 265 id. 48.) However, in *Hill* v. *Reno, supra,* this court recognized that there are certain modifications of this rule; as, where a clear right to the writ is not shown, it will not be awarded. Also the writ will be denied where the estate is devised or conveyed upon the express condition that it should not be partitioned, and in a case where the tenants in common or joint tenants covenant or agree among themselves that it shall be held and enjoyed in common, only.

Appellant contends that an agreement not to partition should have been implied from the terms of the 99-year lease and the partition should have been denied; or, if the partition is upheld, she should be compensated from the proceeds of the sale for the value of her reversionary interest and her rights under the lease.

There are two cases in Illinois which are very similar to the present case. *Hill* v. *Reno, supra,* is the leading Illinois case on the question of whether "the lessee of real estate, the reversion in fee of which is in several tenants in common, can, by purchasing a part of the reversion, and taking an assignment thereof to himself, demand, as a

matter of right, a partition in chancery, when such partition will necessarily result in a sale of the premises." Both parties here cite that case with approval but with different interpretations. There a piece of real estate was owned by one Reeves who leased it to Parmelee. During the term of the lease Reeves died intestate leaving as his heirs-at-law his sisters, Sarah Reno and Eugenia Little, and certain other collateral heirs. Mrs. Reno and Mrs. Little owned together about an undivided two-thirds and the collateral heirs owned about an undivided one-third. Hill purchased the leasehold estate of Parmelee and later the reversion in fee of the collateral heirs. Hill brought a bill for partition, and the defendant argued, as does appellant here, that partition would not lie because by the lease there was an implied agreement not to partition. This court said that if there was an agreement not to partition, it would work an estoppel and the writ would be denied. However, we found that there was no agreement and partition was allowed, but we made it clear that the premises must be sold "subject to the lease, for we are satisfied the statute does not contemplate any other kind of sale." In declaring the manner in which the distribution of the proceeds should be made, this court said, at page 165: "This being so, if the value of the shares of appellees, which are alone subject to the lease, are thereby enhanced, it is clear that a division of the proceeds of the sale in proportion to their shares in the fee would not be equitable to them; and if the converse of this hypothesis is true,—that is, if their shares are worth less, by reason of being subject to the lease,—they would receive more than they are entitled to if the proceeds were divided in that ratio. What is here said of the shares of appellees subject to the lease, with a slight modification of the language, of course, is equally applicable to appellant's share without the lease. It may well be that the shares in the

fee now held by appellant, if bought by a stranger, being divested by the merger of all right to demand rent under the lease from the lessee, and of all right to demand of the lessee payment of taxes or assessments, are less valuable than had no merger occurred. It may be that the mere right to occupy and use the premises in common with the lessee of the shares held by appellees is not so·valuable as would have been the rights under the lease had no merger occurred. These are questions which pertain to the distribution of the proceeds and not to the right to have partition made. If it be true that by the merger of the lease *pro tanto,* mentioned above, the value of the shares in the fee held by appellant has been impaired, and the value of his leasehold estate has been thereby enhanced, the relative value of the shares in the fee held by appellant, (as they actually now exist,) and of the shares held by appellees, with the benefits of the lease, if any, can readily be ascertained by the master, and the partition of the proceeds of the sale should be made upon this basis."

The other case in Illinois which is similar to the present case is *Arnold* v. *Arnold,* 308 Ill. 365. In that case Herman, Theodor, and Adolph Arnold were tenants in common of a piece of improved real estate. Herman made a twenty-five-year lease of his one-third to Adolph, and thereafter, the then owner of Theodor's undivided one-third interest joined with Adolph and leased the entire premises to a third party. Adolph died and his executor sought to bring partition. The lower court decreed partition and the defendants appealed. This court reversed and remanded and said that the decree gave no direction for partitioning the premises so as to preserve the respective rights of the parties under leases and agreements to which the partition must be subject. We further went on to say, at page 370, that "if there cannot be a partition in fact, it is perfectly manifest that there cannot be a sale of the property, which

would not only be plainly inconsistent with the leases and agreements of the parties and of the property but disastrous to substantial rights and interests."

The plaintiff here would have only the rights as to partition that the Stebbinses had. They were tenants in common with appellant and the fact that they had a lease from appellant on her interest, would not have prevented them from being entitled to partition. We do not see that there was an implied agreement here not to partition for the 99 years, the term of the lease, and the court was correct in allowing a partition.

The court below erred when it ordered the whole property sold free of appellant's lease. As we said in *Hill* v. *Reno, supra,* "Co-tenants may lease to one another or to strangers. They may all concur in the lease or each may lease his moiety separately. If, however, the lessors be co-parceners or tenants in common, the lease operates as a separate demise of each and must be so treated." Thus, it is immaterial whether all the co-tenants in the present case joined in the lease, as in any event, whether made by one or all, it is still a separate lease of each co-tenant.

This rule applies to anyone who acquires an interest in the co-tenancy, whether by descent or purchase. (*Hill* v. *Reno, supra.*) The property may be partitioned, but a lease upon the whole or a part thereof still remains in effect, except where merged by the lessee acquiring title to the reversion. Where a lease exists upon a moiety, both the lessee and the reversioner have an interest in such share, but by reason of the lease the interest of the co-tenant upon whose share it exists may be of more or less value than that of other co-tenants whose shares are not leased. In case of the sale of the property subject to the lease, the purchaser acquires the reversion of the co-tenant whose share is under lease and the fee of those not leased but the interest of the lessee remains in effect. Therefore, the proceeds of the property sold subject to a lease must be dis-

tributed upon equitable principles so each co-tenant receives his fair share thereof. In such a case a long-term lease might decrease the proportionate value of the reversioner's share to that of an unencumbered share, but the value of the leasehold may not be destroyed by a sale free and clear thereof and a division of the proceeds made as though no lease was in effect. Whatever may be the value of the separate moieties, that must be ascertained and the proceeds distributed after the effect of the lease upon the value of such co-tenant's share has been ascertained, whether it may increase or decrease the value thereof.

The decree of the circuit court is reversed, and the cause remanded with directions to proceed in a manner not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. Justice Shaw, dissenting.