LOUIS HAARMAN, Plaintiff-Appellant, *v.* MARIE HAARMAN, a/k/a Marie P. Haarman, *et al.*, Defendants-Appellees.

Fifth District   No. 77-396

Opinion filed March 28, 1978.

Frank H. Schneiderjon, of Schniederjon & Schniederjon, of Effingham, for appellant.

F. Ronald Ealy, of Law Offices of F. Ronald Ealy, of Effingham, for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Effingham County granting defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action. The complaint prayed for partition of certain real estate jointly owned by the plaintiff Louis Haarman and one of the co-defendants, Marie Haarman. The property in question was subject to a "farm-lease agreement with an option to purchase" in favor of the remaining defendants, Leroy and Wanda Haarman. The trial court specifically found that the lease in issue was a year-to-year lease and that the option to purchase was a valid option. Apparently believing that the existence of the option precluded partition, the court held that the complaint on its face failed to state a cause of action. We disagree.

■■ The right of partition in Illinois is not defeated by the fact that the premises have been leased and are subject to a purchase option. (8 Nichols, Illinois Civil Practice §7304 at 209 (1962).) The supreme court in *Blakeslee v. Blakeslee,* 265 Ill. 48, 106 N.E. 470, analyzed the problem in the following manner:

> "Appellant also contends that although the property be found to belong to appellant and appellee as tenants in common, appellee is estopped from having partition of the premises because of the lease to Shine and an alleged agreement between appellant and appellee that they would resume the partnership business at the expiration of the Shine lease, should he not elect to purchase the property. The fact, alone, that the premises are under lease to Shine is no reason why partition cannot be had. Any purchaser at the sale of the property would take the same subject to the rights of Shine under the lease, and the fact that the property might not bring as much as if it were not under the lease can have no bearing on the right to partition, in the absence of other circumstances. Partition by a co-tenant, when properly brought, is a matter of right, (*Hill v. Reno,* 112 Ill. 154; *Martin v. Martin,* 170 id. 639; *Hynes v. Jennings,* 262 id. 268;) and will be granted unless the party asking for partition is estopped by his own agreement or it would be in violation of a condition or restriction imposed upon

the estate by one through whom he claims. *Dee v. Dee*, 212 Ill. 338; *Ingraham v. Mariner*, 194 id. 269." (265 Ill. 48, 55-56.)

The property in that case was subject to a ten-year lease renewable at the end of the term, plus an option to purchase at any time within five years of the date of the lease for a specified sum. Similarly, in *Thomas v. Farr*, 380 Ill. 429, 44 N.E.2d 434, the court held that property under a 99-year lease may be partitioned subject to the lease which would remain in effect.

■■■ Thus, the trial court erred when it found that the existence of the lease with an option to purchase in this case precluded plaintiff's suit for partition. As the complaint for partition adequately set forth each of the statutory requirements (Ill. Rev. Stat. 1975, ch. 106, par. 45), and as there is no impediment to the partition suit as explained above, we hold the complaint sufficiently states a cause of action.

The judgment of the circuit court of Effingham County is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

EBERSPACHER, P. J., and JONES, J., concur.